George Crawford, Plff. in Err., *v.* Jesse E. Ryan and Wife.

In an action for malicious prosecution the jury may, in the absence of probable cause, infer. malice from the prosecution.

The fact that the affidavit of the defendant, for the warrant on which the plaintiff was arrested, charged no crime or misdemeanor, does not relieve the defendant from liability.

A remark by the trial judge in the course of his charge submitting the question of probable cause to the jury, that he himself sees in the evidence no probable cause to justify the arrest, is not ground for reversal.

(Decided January 31, 1887.)

July Term, 1886, No. 158. Error to Common Pleas No. 1 of Philadelphia County to review a judgment on a verdict for the plaintiffs in an action of trespass on the case for malicious prosecution. Affirmed.

At the trial before BIDDLE, J., the following facts appeared:

The defendant below, Crawford, lived at 1537 N. Eleventh st., in Philadelphia. The back building of his house extended towards the rear of the lot, and the windows of the back building overlooked the adjoining yard of the plaintiffs.

Crawford insisted that the plaintiffs' clothes line and vines should not be fastened to the lattice work on top of the division fence and threw them down. Mrs. Ryan had them put back again. Crawford visited a magistrate who prepared an affidavit which was signed and sworn to by Crawford, and alleged "that one Annie Ryan has destroyed part of my property; and further deponent saith not."

The magistrate thereupon issued his warrant against Annie Ryan for "M. Mischief," and she was arrested and held to bail to answer at court. Not obtaining bail she remained in custody

NOTE.—An inference of malice arises from proof that the prosecution was without probable cause. Abrahams v. Cooper, 81 Pa. 232; Leahey v. March, 155 Pa. 458, 26 Atl. 701. Whether it does exist, however, is a question for the jury. Mann v. Cowan, 8 Pa. Super. Ct. 30; Fry v. Wolf, 8 Pa. Super. Ct. 468, 29 Pittsb. L. J. N. S. 200, 43 W. N. C. 124.

all of one night. She was obliged to walk twenty squares in the rain, to the station house.

The bill was ignored by the grand jury. It was in evidence that Mrs. Ryan had issued a warrant for Mrs. Crawford for malicious mischief, growing out of the same quarrel, and that Mrs. Crawford had been tried and acquitted, and that she had also had Crawford arrested upon another occasion, and had issued a *capias* against both Crawford and his wife in slander.

There was also considerable testimony as to the annoyances to which the plaintiffs were subjected by the defendant and his family.

The trial judge charged the jury as follows:

"It is in the power of any citizen to go before a magistrate and make affidavit for arrest. The redress of the person arrested is to go before a judge, bring the case before him, and establish the want of probable cause.

"The charge here made by Crawford against Mrs. Ryan was that she had committed an offense by putting glue on his fence, that pickets were broken by the tying of a vine to the pickets, neither of which he says he saw, and he contends that he was entitled to arrest this lady. He did and the grand jury ignored the bill.

"It is in evidence that there is no proof of probable cause.

"The rule requires that defendant should be proved to have acted maliciously and without probable cause. [If there was no probable cause, you can infer the malice from the prosecution.] It is said that the prosecution was for the purpose of mortifying and punishing the lady. On the other hand, there is evidence that there was no malice, and that there has been no malice. You must find whether there was probable cause. [I see myself no probable cause to justify an arrest for malicious mischief.] The fastening of the vine might be a trespass but would not be cause for arrest.

"You can give damages more than what would compensate. You can give exemplary damages."

The defendant asked the court to charge:

"No crime or misdemeanor having been charged in the affidavit, the fault was that of the magistrate, and the verdict should be for the defendant." Refused.

Verdict and judgment were for the plaintiffs for $1,000.

The assignments of error specified the portions of the charge inclosed in brackets, and the refusal of the defendant's point.

*Geo. H. Earle, Jr., Richard P. White,* and *Joseph M. Pile,* for plaintiff in error.—The question turns not upon the actual state of the case, but upon the honest belief of the party prosecuting. So, where it appears that the defendant acted merely through mistake, or where the prosecution resulted from the mistake of the justice of the peace before whom the information was made, the action cannot be maintained.

While a want of probable cause is prima facie evidence of malice, it is by no means conclusive since, where it appears that there is reasonable ground for the belief of guilt without regard to what induced that belief, it ought to be regarded as a justification of the defendant's action. Gilliford v. Windel, 108 Pa. 142.

*M. William Bradley* and *Thomas H. Neilson,* for defendants in error.—The gist of the action was the arrest, imprisonment, suffering, and humiliation of the plaintiff, which was in no sense diminished by the fact of the warrant having been issued on an insufficient affidavit. The only effect of the insufficiency of the affidavit was to render the magistrate liable as well as the defendant.

The advice of a magistrate is no defense to an action for malicious prosecution. Brobst v. Ruff, 100 Pa. 91, 45 Am. Rep. 358.

Although the want of probable cause does not of itself establish malice, yet it is good evidence of it for the jury to consider. Elbert v. Folwell, 1 W. N. C. 228.

Proof of malice need not be direct; it may be inferred from circumstances, also from want of probable cause. Bernar v. Dunlap, 94 Pa. 329; Greenl. Ev. § 453; Owen v. Schmidt, 39 Phila. Leg. Int. 188.

The question of probable cause is a mixed one of law and fact, it being the province of the jury to determine whether the circumstances alleged are true or not, and of the court to determine whether they amount to probable cause. Greenl. Ev. § 454.

Error cannot be assigned to the charge of the court, upon matters of fact, if the facts be submitted to the jury. Bernar v.

Dunlap, 94 Pa. 329; Long v. Ramsay, 1 Serg. & R. 72, and Graham v. Graham, 1 Serg. & R. 330; Lilly v. Paschal, 2 Serg. & R. 394; McDowell v. Oyer, 21 Pa. 417; Thompson v. Franks, 37 Pa. 327.

It is not error to express an opinion on the weight of the evidence, if the facts are left to the jury. Burr v. Sim, 4 Whart. 150, 33 Am. Dec. 50; Cathcart v. Com. 37 Pa. 108, and Thompson v. Franks, 37 Pa. 327; Ditmars v. Com. 47 Pa. 335; Bitner v. Bitner, 65 Pa. 347.

The judge has a right to comment on the evidence, so the facts are left to the jury. Phelin v. Kenderdine, 20 Pa. 354; Ralston v. Groff, 55 Pa. 276.

PER CURIAM:

No one of the specifications of error is sustained. The law was correctly declared. The facts were properly submitted to the jury.

Judgment affirmed.